MILLS, Judge.
Maldonado appeals from a final order which affirmed the agency’s denial of food stamps to Maldonado’s household. We reverse.
Maldonado and his household were recipients of food stamp benefits. The certification period for eligibility to receive food stamp benefits was due to expire at the end of October 1984. Maldonado made a timely application for recertification to continue receiving food stamp benefits.
The agency conducted an interview with Maldonado on 13 November 1984. The interview was apparently routine, but an agency reviewing supervisor concluded that the interviewer had improperly relied upon outdated documentation of Maldonado’s social security benefits; documentation which was already in the agency’s files.
The agency mailed Maldonado a form which essentially required Maldonado to verify his current social security check amount by 23 November 1984. The form included an explanation that if the agency did not receive the information by the deadline, Maldonado’s application for recertifi-cation would be denied. The agency made no offer on the form to assist Maldonado in obtaining the verification. Maldonado did not provide the verification. The agency issued a denial notice on 29 November 1984.
A hearing was held before an agency hearing officer on 22 February 1985. The hearing officer found that under .federal regulation 7 C.F.R., s. 273.2(f), the outdated verification was inadequate, that current verification was required, and that the agency was allowed to assist in obtaining adequate documentation verification (emphasis added). The hearing officer concluded that the agency was justified in its actions and affirmed the agency’s denial.
The hearing officer’s conclusion that denial was proper in this case is not in accordance with the controlling federal regulations. The hearing officer cited 7 C.F.R. s. 273.2(f), for the proposition that the agency is allowed to assist in obtaining adequate documentation. However, the specific controlling regulation is subsection (5)(i) of the regulation cited above:
(5) Responsibility for obtaining verification. (i) The household has primary responsibility for providing documentary evidence to support its income statement and to resolve any questionable information. Households may supply documentary evidence in person, through the mail, or through an authorized representative. The State agency shall accept any reasonable documentary evidence provided by the household and shall be primarily concerned with how adequately the verification proves the statements on the application. If it would be difficult or impossible for the household to obtain the documentary evidence in a timely manner or the household has presented insufficient documentation, the State agency shall either offer assistance to the household in obtaining the documentary evidence, except as otherwise stated in this section, or shall use a collateral contact or home visit. The State agency shall not require the household to present verification in person at the food stamp office. (Emphasis added.)
7 C.F.R. s. 273.2(f)(5)(i).
Maldonado presented insufficient documentation in the form of outdated social security benefit documentation. The agency had an affirmative obligation to either assist Maldonado in obtaining current information or to obtain collateral information or make a home visit.
The agency may not deny food stamp benefits on the grounds of inadequate verification where the agency has not provided assistance:
(C) In cases where verification is incomplete, the State agency must have provided assistance when required, as specified in paragraph (f)(5) of this section, and allowed the household sufficient time to provide the missing verification. Sufficient time shall be at least 10 days from the date of the State agency’s *1138 initial request for the particular verification that was missing. (Emphasis added.)
7 C.F.R. s. 273.2(h)(l)(i)(C).
The agency did not fulfill its obligation to Maldonado.
Reversed and remanded to the Department of Health and Rehabilitative Services for further action in accordance with this opinion.
SMITH and THOMPSON, JJ., concur.