PER CURIAM.
Appellant, Lois Ivory, appeals from a final order entered by appellee, the Department of Children and Families, affirming its determination that Ivory had no monthly medical expenses and was entitled to a monthly food stamp allotment of $10.00. Ivory contends that the department failed to comply with federal and state law when considering her claim for a medical deduction. We conclude instead that the department erred in reaching a decision without first determining whether Ivory was ^provided assistance in obtaining the verification required to establish a medical deduction, and reverse and remand for further proceedings.
In so deciding, we recognize that Ivory did not provide the department with documentation which would establish that she had incurred medical expenses during the entitlement period commencing September 1, 1998. It appears from the transcript of the hearing, however, that Ivory was confused and did not understand precisely what type of evidence she was required to produce. Under federal and state regulations, when a household supplies incomplete verification, the department is required to offer and provide assistance in obtaining the necessary documentation. 7 C.F.R. § 273.2(h)(1)(i)(C) (1999) (“In cases where verification is incomplete, the State agency must have provided the household with a statement of required verification and offered to assist the household in obtaining required verification and allowed the household sufficient time to provide the missing verification.”).[1] See also Maldonado v. Department of Health & Rehab. Servs., 478 So.2d 1136, 1137 (Fla. 1st DCA 1985) (“The agency may not deny food stamp benefits on the grounds of inade *493 quate verification where the agency has not provided assistance[.]”).
Although Ivory did not raise this issue below, Florida Administrative Code Rule 65-2.057(12), dealing with conduct of hearings before the department, provides that hearing officers “shall insure that all relevant issues are considered.” Accordingly, we reverse and remand with directions for the hearing officer to consider this matter before reaching a decision.
REVERSED and REMANDED.
ERVIN, MINER and KAHN, JJ., CONCUR.

. Such requirement is also found at 7 C.F.R. § 273.2(Q(5)(i) (1999); Fla. Admin. Code R. 65A-1.204(1); Fla. Admin. Code R. 65A-1.602(3)(a).